UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Kareem H. Ward,** | 23-CV-4034 (NRM) (LB) |
| Plaintiff, | **Memorandum and Order** |
| v. | |
| **Social Security Administration,** | |
| Defendant. | |

**NINA R. MORRISON**, United States District Judge:

Plaintiff Kareem H. Ward filed this *pro se* complaint on June 2, 2023. ECF No. 1.  Plaintiff's application to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915(a).  ECF No. 2.  For the reasons that follow, the action is dismissed with leave to amend.

## I.    BACKGROUND

Plaintiff's statement of claim consists of the following:

The social security administration illegally assigned my social security number to foster guardian in order to falsely distribute biological parents of plaintiff, retirement, pension funds while in secrecy aiding and abetting the identity theft that continue to be a disadvantage do to the use of the original number.

ECF No. 1 at 5.  Plaintiff seeks $1.5 million in damages.  *Id*. at 6.

## II.    STANDARD OF REVIEW

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*,

551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  If a liberal reading of the complaint "gives any indication that a valid claim might be stated," a court must grant leave to amend the complaint.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

However, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  In addition, 28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss a case filed *in forma pauperis* if the court determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

## III.  DISCUSSION

Plaintiff has sued the Social Security Administration ("SSA") for damages.  But the SSA is a federal agency and, as such, it is immune from suit.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 70 (2d Cir. 2016) (applying sovereign immunity to the SSA); *Gault v. Soc. Sec. Admin.*, No. 17-CV-703 (PKC), 2017 WL 1655192, at *2 (E.D.N.Y. May 2, 2017) (dismissing *pro se* complaint alleging that he was barred from entering any Social Security office because the SSA has sovereign immunity); *Steele v. Soc. Sec. Admin.*, No. 14-CV-7104 (ENV), 2016 WL 4688850, at *2 (E.D.N.Y.  Sept. 7, 2016) (same).  Therefore, the complaint cannot proceed against the SSA and it is dismissed as barred by the doctrine of sovereign immunity.

## IV.  CONCLUSION

Under 28 U.S.C. § 1915(e)(2)(B)(iii) and for the reasons set forth above, this action, filed *in forma pauperis*, is dismissed.

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint by **Monday, July 31, 2023**.  If Plaintiff chooses to file an amended complaint, Plaintiff is respectfully directed to:

- Set forth facts alleging a basis for this Court's subject matter jurisdiction, including the date and location of all relevant events and a brief description of what each defendant did or failed to do;

- Caption the amended complaint with "Amended Complaint" and ensure it has the same docket number as this Order, 23-CV-4034 (NRM) (LB); and

- Write the amended complaint in a way that does not refer to or rely on the original complaint, since the amended complaint will replace the original complaint.

All further proceedings shall be stayed for 30 days.  If Plaintiff fails to file an amended complaint within the time allowed or fails to show good cause why he cannot comply within the time allowed, the Clerk of Court shall be directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is requested to mail a copy of this Memorandum and Order to Plaintiff.

Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729, for free, limited-scope legal assistance.

SO ORDERED.

_/s/ NRM_

NINA R. MORRISON
United States District Judge


Dated:     June 29, 2023
           Brooklyn, New York